**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:96 CR 390** |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **James Wallace,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant/Petitioner.** | ) | |

## Introduction

This matter is before the Court upon defendant's Amended Motion for Relief Under 28 U.S.C. § 2255 (Doc. 58). For the following reasons, the motion is DENIED.

## Facts

Defendant was sentenced in 1997 as a career offender under USSG § 4B1.1 after he entered into a written plea agreement. Defendant's prior convictions were a 1983 aggravated robbery and a 1991 attempted robbery, both under the Ohio Revised Code. Defendant did not file a direct appeal. An initial § 2255 motion was dismissed as untimely in 2009.

The matter is now before the Court upon defendant's Amended Motion for Relief.

1

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts that his sentence must be vacated and the case set for *de novo* sentencing based on the application of *Johnson v. United States,* 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), which is identically worded to the residual clause found in the U.S. Sentencing Guidelines (USSG), is unconstitutionally vague; *Welch v. United States,* 136 S.Ct. 1257 (2016), which recognized the retroactive effect of *Johnson* in cases on collateral review; and *United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016), wherein the Sixth Circuit held that the residual clause in the

2

USSG career offender provision is also unconstitutionally vague.[1] Because it was a second petition, defendant sought permission in the Sixth Circuit to file it. The Sixth Circuit authorized the petition because while *Beckles v. United States,* 137 U.S. 886 (2017), decided subsequent to the filing of defendant's second petition, held that the rule announced in *Johnson* does not apply to the advisory sentencing guidelines, defendant was sentenced while the guidelines were mandatory.

Following authorization of the petition, the government filed its response wherein it raises several grounds in opposition. Initially, the government argues that defendant knowingly waived his right to bring a collateral attack in his signed plea agreement. In his 1997 signed plea agreement, defendant "agree[d] not to contest in any post conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255, his sentence or any other matters pertaining to this prosecution, including all motions, defenses, voluntary nature of plea and effectiveness of counsel and probable cause determinations." (Doc. 18 ¶ 8) Defendant did not file a response to the government's brief and, therefore, does not dispute the waiver. The Court agrees that defendant waived his right to collaterally attack his sentence. The Sixth Circuit "has consistently held that plea-agreement waivers of § 2255 rights are generally enforceable." *Cox v. United States,* - Fed.Appx. -, 2017 WL 2378208 (6th Cir. June 1, 2017) (citing *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001) ). And, "a defendant in a criminal case may waive any right, even a constitutional right, by means of a

---

[1] Defendant's Amended Motion for Relief was filed on June 17, 2016 which was just prior to the United States Supreme Court's grant of the Petition for Writ of Certiorari in *Beckles v. Unites States* wherein the Court would decide whether the Sentencing Guidelines were subject to a void for vagueness challenge.

3

plea agreement." *Id.* (citations omitted). To be valid, the waiver need only have been knowing and voluntary. *Id.* Furthermore, the Sixth Circuit has recognized that although a defendant agreed to the § 2255 waiver prior to the Supreme Court's decision in *Johnson,* the waiver is still enforceable. *Id.* ("Although [defendant] may not have known at the time of his plea that the Supreme Court would change the law in the way it did in *Johnson,* he knew at the time of his plea that § 2255 afforded him an avenue to subsequently challenge his sentence as unlawful and knowingly chose to waive his right to seek § 2255 relief ...")

Accordingly, defendant's waiver in his plea agreement is enforceable and bars the § 2255 motion. Therefore, the Court need not reach the merits of the herein motion.

**Conclusion**

For the foregoing reasons, defendant's Amended Motion for Relief Under 28 U.S.C. § 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/29/17